GUSTAV W. LEMBECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4863.    Promulgated April 26, 1929.

*Oscar Ferger, C. P. A.*, for the petitioner.
*E. W. Shinn, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petition herein, which contains 16 assignments of error, is indefinite and confusing and it is difficult, in fact almost impossible, to ascertain definitely of what action on the part of the respondent the petitioner complains. And the evidence is hardly

more enlightening than the petition. However, allowing for duplication of assignments, it appears that the issues are the four that we have set forth in the opening statement.

The petitioner in his return for 1918 deducted as a loss on the operation of the Deal Inn, the amount of $11,913.18. The respondent disallowed $2,832.83 of the loss claimed because the items were not substantiated, but allowed additional depreciation in the amount of $2,000, thus making a net reduction of $832.83. The petitioner claims that the loss as determined by the respondent should be increased by the said amount of $2,832.83, and by the further amount of $2,554.94, representing taxes and insurance premiums paid by the petitioner on property, the legal title to which was held by the Deal Inn Co. The petitioner has introduced no evidence to support his claim that the respondent erred in disallowing as a deduction the said amount of $2,832.83 and on that point we must affirm the respondent. As for the insurance premiums and taxes we are of opinion that they were obligations of the Deal Inn Co. and that when the petitioner paid them he became a creditor of the company to that extent, and that they did not represent deductible expenses to him.

Relative to the second issue, it appears that in each of the years 1918, 1919, and 1920, the Lembeck & Betz Eagle Brewing Co. paid dividends to the petitioner in the amount of $1,340, and to the estate of Henry Lembeck in the amount of $1,647.50. The respondent has determined that the dividends paid to the estate of Henry Lembeck were distributed to the petitioner in the years in which they were received by the estate, and that the entire amount of the dividends represented taxable income to the petitioner. The petitioner claims that the dividends were paid out of surplus of the Brewing Co., accumulated prior to March 1, 1913, and were therefore not taxable, and also that the dividends received by the estate of Henry Lembeck in 1920 were not distributed to him during that year. No evidence was presented to us to show that the dividends were not paid out of earnings accumulated since March 1, 1913, and we therefore affirm the respondent's determination that they are taxable. The petitioner testified that the estate of Henry Lembeck was involved in litigation and that the dividend received by it in 1920 was not paid to him until subsequent to that year. On the other hand Otto Lembeck, who was a coexecutor of the estate of Henry Lembeck, testified that the dividend in question was distributed in 1920. We are unable to find any ground for disturbing the determination of the respondent on that point.

The petitioner in his returns for 1919 and 1920 reported as salary received from the Brewing Co., the amount of $20,000 and $14,255, respectively. He now claims that he received $17,840.44 in 1919 and

$7,982 in 1920. On this point the testimony of the witness is conflicting and we find no basis for setting aside the action of the respondent.

The last question is whether the amount of $2,917.78 paid to the petitioner as executor's fees is income to him for 1920 or 1921. The evidence shows that while the fees in question were allowed by the Orphan's Court on October 1, 1920, they could be paid only on the joint action of the three executors. A check for the fees was drawn December 30, 1922, but because of the fact that the executors lived in different places it was not signed by all of them until some time subsequent to the year 1920, and was not received by the petitioner, or his trustee until January 31, 1921. We are not advised of the reason for the delay from October 1 to December 31, 1920, in making out the check, but the fact remains that the petitioner could not have drawn these fees from the estate without the concurrence of the other executors, and that he did not receive them until the year 1921. Since his accounts were kept on the basis of cash receipts and disbursements, it is our opinion that the fees in question were income to him in the year 1921.

*Judgment will be entered under Rule 50*